DOHERTY, PLAINTIFF, v. PUBLIC SERVICE RAILWAY COMPANY AND HERCHE, DEFENDANTS.

Argued May 7, 1924—Decided October 7, 1924—Filed October 24, 1924.

Negligence—Motor Truck Collision With Trolley Car—Injury to Plaintiff, a Trolley Car Passenger—Judgment Against Trolley Company—Claim that Both Defendants are Equally Guilty Has Much to Justify It—Judge's Charge that One or the Other Must Be Guilty Sustained—Jury Finding Against One Defendant Only Not Disturbed Except as to Amount of Damages.

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, Richard Doherty.

For the defendants, Leonard J. Tynan.

PER CURIAM.

The plaintiff was a passenger on a northbound trolley car of defendant on Palisades avenue, Jersey City. The car was crowded with passengers in commission hours. Coming in the other direction on the westerly portion of the street was a large truck of the defendant Herche. The truck was very wide, and was carrying a large cast fly-wheel section on it, which may or may not have projected over the side towards

the trolley car. Car and truck were so disposed as to meet and pass at about the point where an automobile was parked on the westerly side of the street so as to restrict the space available for the truck to pass the car. Both truck and car pursued their way in full sight of each other until the motor-man realized that a collision was inevitable, and then, accord-ing to his claim, he suddenly stopped his car and called to the passengers on the left side to jump. The plaintiff was sitting on that side. Apparently, the truck or the fly-wheel tore its way down the left side of the car, and something caught the plaintiff in the arm, back and leg, and the plain-tiff claimed that he became unconscious, and came to in the street. Plaintiff sued both the trolley company and the owner of the truck, who was also its driver, but the jury found against the trolley company alone for $6,000 damages, which it is claimed is excessive.

It is claimed that the jury should have found the truck driver liable as well as the owner of the trolley car, and there is much to be said for this view, but as there was clearly evi-dence in the case justifying a finding of negligence on the part of the motorman in not realizing the situation sooner, and the present defendant is not legally injured by the ver-dict, we are not disposed to order a new trial on this ground. It is also argued that the court assumed that one defendant or the other must be liable, ignoring the possible theory of pure accident. We incline to think that the circumstances of the accident were such as to indicate, without any question, negligence on the part of one of these parties or the other, and that, for the purposes of this rule, the charge on this phase of the case was fairly justified.

As to the amount of damage, however, we feel satisfied that the plaintiff has greatly exaggerated the injuries sus-tained and, in this respect, the verdict is entirely against the weight of evidence. If the plaintiff will consent to accept a reduction of the award to $3,000 the rule may be dis-charged; otherwise it will be made absolute without restric-tion to amount of damages.